In the Matter of FLORA M. G. BUCCINI, as Executrix of ALBERTO BUCCINI, Deceased, Appellant, against PATERNO CONSTRUCTION COMPANY, Respondent.

(Submitted February 10, 1930; decided March 18, 1930.)

*James Wilson Young* for appellant. The question as to the amount to be paid for services falls within the arbitration provision. (*Matter of Kelley*, 240 N. Y. 74; *Matter of Berkowitz*, 230 N. Y. 261; *Itoh Company, Ltd.*, v. *Boyer Oil Co., Inc.*, 198 App. Div. 881.)

*Henry S. Mansfield* for respondent. The amount due, if any, for the work alleged to have been done by the deceased up to the date of his death is not arbitrable under the contract. It is expressly left to decision of the owner. (*Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284.)

CARDOZO, Ch. J. Alberto Buccini made a contract with the Paterno Construction Company to decorate the ballroom, banquet hall and swimming pool in a dwelling described as " Paterno's Castle " on Riverside Drive in the city of New York. The character of the decorations was such as to call for the exercise of artistic skill, and there is a provision that all the decorative figured work shall be done by Buccini personally and that only the plain work may be delegated to mechanics. There is also this provision: " All questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties."

Buccini died while the work was in progress. The contract being personal, the effect of his death was to terminate the duty of going forward with performance,

but to leave the owner liable for benefits received (*Wolfe v. Howes*, 20 N. Y. 197; *Spalding* v. *Rosa*, 71 N. Y. 40; *Lacy* v. *Getman*, 119 N. Y. 109; 3 Williston on Contracts, § 1973). When the value of the benefits was disputed, the executrix made demand that the controversy be submitted to arbitration. Her petition was granted by the Supreme Court at Special Term and denied at the Appellate Division. An appeal to this court followed.

" All questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties hereto." We think the controversy as to value is within the range of that provision. Into every contract of personal service the law reads " the implied condition " that sickness or death shall be an excuse for non-performance (*Spalding* v. *Rosa*, *supra*, at p. 44; *Dolan* v. *Rodgers*, 149 N. Y. 489, 493, 495). The parties may say by their contract what compensation shall be made in the event of that excuse. The award will then conform to the expression of their will. They may leave the subject open, to be governed by the law itself. The award will then conform to the principles of liability in *quasi*-contract and to the considerations of equity and justice by which that liability is governed. In either event the controversy is one that has its origin in the contract and in the performance of the work thereunder, just as much as if the work had been completed under a contract silent as to price, and the controversy had relation to the reasonable value. Death of the contractor has not nullified the contract in the sense of emancipating the claimant from the restraint of its conditions. They limit her at every turn. She cannot stir a step without reference to the contract, nor profit by a dollar without adherence to its covenants (cf. *Reeder* v. *Sayre*, 70 N. Y. 180, 184). The interrupted work may have been better than any called for by the plans. Even so, there can be no recovery if the contractor

willfully and without excuse has substituted something else (*Jacob & Youngs, Inc.*, v. *Kent*, 230 N. Y. 239). The value proportionately distributed may be greater than the contract price. Even so, the price, and not the value, will be the maximum beyond which the judgment may not go (*Clark* v. *Gilbert*, 26 N. Y. 279, 283). " The recovery in such a case cannot exceed the contract price, or the rate of it for the part of the service performed " (*Clark* v. *Gilbert, supra*). The question to be determined is not the value of the work considered by itself and unrelated to the contract. The question to be determined is the benefit to the owner in advancement of the ends to be promoted by the contract.

Stress is laid by the owner upon a term of the agreement whereby payments are to be made at the rate of " 75% of the value of the work installed as the work progresses," and whereby the owner is to determine the amount due when such payments are requested. This provision is inapplicable to the case that has arisen. It has in view the continuing fulfillment of the contract and requests for part payment while performance is in progress. It has no bearing upon a situation where through death or disability of one party or of both the duty of performance has been ended without the fault of either.

Stress is laid also upon the source of the demand for arbitration. The contract is that there shall be arbitration " at the choice of either of the parties." The demand was not by the parties, but by the executrix of one of them. We think the executrix stands to that extent in the place of her testator. " It is a presumption of law, in the absence of express words, that the parties to a contract intend to bind not only themselves, but their personal representatives " (*Kernochan* v. *Murray*, 111 N. Y. 306, 308; *Francis* v. *Ferguson*, 246 N. Y. 516, 518). Arbitration is a means for the settlement of differences.

Those who succeed to the differences succeed also to the means.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.