In the Matter of the Application of BOARDWALK AMUSEMENT COMPANY, INC., for an Order Taxing the Disbursements Necessarily Incurred by It in the Proceedings Entitled In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending the Bowery from West Sixteenth Street to Its Easterly Terminus at Jones Walk, as the Said Street Is Now Laid Out upon the Map or Plan of The City of New York, in the Borough of Brooklyn, City of New York, Pursuant to the Provisions of Section 992 of the Greater New York Charter, as Amended.

THE CITY OF NEW YORK, Appellant; BOARDWALK AMUSEMENT COMPANY, INC., Respondent.

Second Department, March 20, 1936.

*Lewis Orgel* [*Paul Windels, Corporation Counsel, Paxton Blair* and *Dix W. Noel* with him on the brief], for the appellant.

*Nathan L. Goldstein,* for the respondent.

Young, J. There is little or no dispute as to the facts involved in this appeal. The city of New York began a condemnation proceeding for opening and extending the Bowery from West Sixteenth street in the borough of Brooklyn. The proceeding was instituted in October, 1927. The city of New York contended that the Bowery had been dedicated as a street and that, consequently, the damages awarded should be nominal. The condemnation proceeding came on for trial, and, in June, 1932, the court held that there had been no dedication of the Bowery as a public street. The city of New York was, therefore, faced with the assessment of substantial damages in the condemnation proceeding and decided to discontinue it, which was accomplished in December, 1932. Thereafter the petitioner-respondent began the present proceeding to have its disbursements, incurred in said condemnation proceeding, fixed and taxed pursuant to section 992 of the Greater New York Charter. The matter was referred to an official referee, who decided that the petitioner was entitled to $4,500 as the fair and reasonable value of attorney's services in the proceeding, $400 for the services of a real estate expert employed by the petitioner in the proceeding, and $21.99 incidental expenses. From the order confirming the referee's report the present appeal was taken.

It appears that the petitioner entered into a written retainer with its attorney in this matter, which is as follows:

"*August* 19*th,* 1929.

" Matter of the City of New York
" Re: Bowery — Coney Island.

" We hereby retain Nathan L. Goldstein as our attorney, to represent us in the above entitled proceeding and we agree to pay and hereby assign to said attorney for his services, 33 1/3% of any award that may be made in connection with the acquiring of title by the City of New York in said proceeding. It is further understood that said attorney's compensation is to be paid when said award is paid by the City of New York.

" BOARDWALK AMUSEMENT CO., INC.
" By Abraham Lehman
"*Vice-President.*"

Section 992 of the Greater New York Charter provides that a condemnation proceeding may be discontinued by the city, and in such case makes provision as follows: " But in case of such discontinuance the reasonable actual cash disbursements, necessarily incurred and made in good faith by any party interested, shall be paid by the city of New York, after the same shall have been taxed by a justice of the Supreme Court, or by a referee under his special

order, upon ten days' notice of such taxation being previously given to the corporation counsel, provided the application to have such disbursements taxed shall be made and presented to the court within one year after the adoption of the resolution of the board discontinuing the proceeding in whole or in part."

Upon this appeal the city makes the following contentions:

(1) " The counsel fees of petitioner's attorney and a portion of the fees of the real estate expert were not actual cash disbursements made by the petitioner and should not have been allowed."

(2) " The counsel fees of petitioner's attorney were contingent on the recovery and collection of an award and were to have been paid only on payment of the award by the City. Since no award was made, the petitioner incurred no obligation to pay counsel fees and they should not have been allowed."

(3) " *Quantum meruit* was not the proper basis for the taxation of disbursements because (1) there was an express contract of retainer which, having never been rescinded or abrogated, left no room for spelling out an implied contract; and (2) neither the City nor the petitioner was unjustly enriched since neither derived any benefit from the work of petitioner's attorney."

Although there are decisions at Special Term to the contrary, we are of the opinion that recovery for disbursements may be had under section 992 of the Greater New York Charter, although such disbursements have not actually been paid.

At the hearing before the referee the corporation counsel was of that opinion, although the contrary is now argued.

The point seems to have been decided by this court in *Matter of City of New York* (*Lombardy St.*) (214 App. Div. 821). That was a proceeding similar to the present one. The petitioner asked for taxation of its disbursements against the city upon the discontinuance of the condemnation proceeding, and among the disbursements asked for was a counsel fee of $7,000, which had not been paid. The retainer in that case was not a contingent one. The Special Term allowed a counsel fee of $4,500, and the city appealed and this court affirmed the order. There are other Special Term decisions to the same effect.

The appellant further claims that, since the contract between the petitioner and its attorney was contingent, under the circumstances here shown nothing can be allowed for counsel fees, because, under the contingent contract, the petitioner is under no obligation to pay anything to its attorneys.

This question, as relating to a proceeding like the one now presented, has been considered on a number of occasions. In *Matter of East 23d St., Kings County* (Kings Co. Clerk's File No. 21820 of

1925) a condemnation proceeding was d scontinued after trial and decision had been made, whereupon one of the owners involved petitioned the court for an order taxing disbursements under section 992 of the charter and the matter was referred to former Justice BLACKMAR as official referee. The retainer was contingent and in the same form as the one involved here excepting as to the percentage. The attorney's fees provided for in the contingent retainer had not been paid. The referee reported that the disbursements, including the reasonable value of the counsel fees, although unpaid, should be taxed. The city opposed the confirmation of this report. The report was confirmed. The city appealed from this order to the Appellate Division, but later withdrew its appeal. Other similar decisions at Special Term are cited by respondent's counsel.

It has been decided many times that, where performance is made impossible on the part of the attorney, he still may recover the reasonable value of his services upon a *quantum meruit*. The subject is discussed at length in *Dolan* v. *Rodgers* (149 N. Y. 489).

In *Sargent* v. *McLeod* (209 N. Y. 360) the attorney had a contingent contract with the plaintiff in an action brought for damages for personal injuries. The attorney died before his services were completed, and yet the court, although stating that the contract was at an end at the time. of his death, held that the reasonable value of his services might be permitted the administratrix of the deceased lawyer. The same thing is also held in *Matter of Dept. of Public Works of N. Y. City* (167 N. Y. 501). (See, also, *Andrewes* v. *Haas*, 214 N. Y. 255, and *Martin* v. *Camp*, 219 id. 170.)

In my opinion, the order appealed from was properly made and should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, JOHNSTON and TAYLOR, JJ.

Order confirming report of official referee and taxing disbursements unanimously affirmed, with ten dollars costs and disbursements.