In the Matter of BOARDWALK AMUSEMENT COMPANY, INC., Respondent.

THE CITY OF NEW YORK, Appellant.

(Argued May 18, 1936; decided July 8, 1936.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Lewis Orgel* of counsel), for appellant.

*Nathan L. Goldstein* for respondent.

LOUGHRAN, J. The city of New York resolved to acquire by condemnation property owned in part by the respondent. A proceeding instituted to that end was discontinued pursuant to section 992 of the charter of the city. (Laws of 1901, ch. 466, amd. by L. 1915, ch. 606.) It is by that section provided: " But in case of such discontinuance the reasonable actual cash disbursements, necessarily incurred and made in good faith by any party interested, shall be paid by the city of New York, after the same shall have been taxed * * *." An attorney retained by the respondent had represented it in the discontinued proceeding. It has here been found that services performed on this retainer were of the reasonable value of $4,500. The city appeals from a ruling that this item may be taxed by the respondent under the foregoing charter provision.

By the contract of retainer, the respondent made a written promise to its attorney as follows: " We agree to pay and hereby assign to said attorney for his services, $33\frac{1}{3}\%$ of any award that may be made in connection with the acquiring of title by the City of New York in said proceeding. It is further understood that said attorney's compensation is to be paid when said award is paid by the City of New York." The

courts below have held that the essential object of this provision having been frustrated by the discontinuance of the condemnation proceeding, the respondent is to pay for the services of its attorney on a *quantum meruit*. We construe the instrument of retainer differently.

It had been contended by the city that the property it proposed to take from the respondent was so incumbered by public easements as to have but nominal value. On the other hand, the respondent had claimed ownership in fee and substantial damages. This controversy was a reason for the respondent's selection of its attorney as one who made a specialty of the law and practice of eminent domain. Any arrangement to be made between them would necessarily regulate in some way the assumption of the manifest risk of a discontinuance of the condemnation proceeding. They might have stipulated that in that event the respondent (although it would receive nothing) was nevertheless to pay the fair value of the services of the attorney. Instead the stipulation made was that the attorney was to have a share " of any award that may be made   *   *   *   to be paid when said award is paid."

We think these words and circumstances of the retainer predominately suggest the purpose to protect the respondent from the burden of liability to its attorney without the corresponding gain of an award. (Cf. *Cutter* v. *Powell*, 6 T. R. 320.) A different question is presented " when the event which ends the service happens without the fault of either party, and is not expressly or impliedly insured against in the agreement which induced the labor." (*Parker* v. *Macomber*, 17 R. I. 674, 676. So, *Matter of Buccini* v. *Paterno Construction Co.*, 253 N. Y. 256, 258.) In that case it would be unjust not to compel a return for benefits received. (*Sargent* v. *McLeod*, 209 N. Y. 360. See Woodward on The Law of Quasi Contracts, § 122.) We find no room here for such an implied or constructive obligation.

It is true that the respondent's full title had been vindicated by its attorney before the condemnation proceeding was discontinued. That this was an important service is not to be denied. But there is also no denying that the achievement was one to which the attorney had pledged himself on terms of his own choosing and that the inference of ultimate advantage therefrom to the respondent is now remote and conjectural. " The question to be determined is not the value of the work considered by itself and unrelated to the contract. The question to be determined is the benefit to the owner in advancement of the ends to be promoted by the contract." (*Matter of Buccini* v. *Paterno Construction Co., supra*, p. 259.)

We conclude that the attorney took the chance that his right to look to the respondent for any compensation would be annulled by the contingency that has happened.

The order should be modified in accordance with this opinion, and so modified affirmed, with costs in this court and in the Appellate Division to the appellant.

LEHMAN, O'BRIEN, CROUCH and FINCH, JJ., concur; CRANE, Ch. J. and HUBBS, J., dissent and vote to affirm.

Ordered accordingly.