EPHRAIM SUDARSKY, Appellant, v. KESTLER DEVELOPMENT CORPORATION and Others, Defendants, and CARL CHRISTENSEN and Others, Respondents.— In an action to foreclose a mortgage upon real property, order denying plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell and Johnston, JJ., concur; Adel, J., not voting.

GAETANO VASTOLA, an Infant, by DOMINICK VASTOLA, His Guardian ad Litem, and DOMINICK VASTOLA, Respondents, v. THE CITY OF NEW YORK, Appellant, and Others, Defendants.— Action by the infant plaintiff to recover damages for injuries sustained by him when he fell by reason of a considerable hole in the pavement near the center of the intersection of the so-called Bowery walk and Henderson walk, in an amusement area at Coney Island, New York city, and by his father to recover damages for loss of services and medical expenses. The plaintiffs were awarded a verdict assessing their respective damages, upon which verdict judgment was duly entered and from the judgment the City of New York appeals. Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs. The refusal to dismiss the complaint on appellant's motion was error. As matter of law, upon the undisputed facts, the locus of the accident was not a public highway of the defendant municipality, which was not responsible for its defective condition, for the locus was in private ownership. The undisputed facts disclosed in the record established the nonliability of the city. (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420, 429; *Johnson* v. *City of Niagara Falls*, 230 id. 77, and cases therein cited; opinion of STEINBRINK, J., in *Matter of City of New York* [*Bowery from W. 16th Street to Jones Walk*], 87 N. Y. L. J. June 24, 1932, p. 3574; also printed in record of *Matter of Boardwalk Amusement Co., Inc.*, 247 App. Div. 313; modfd., 271 N. Y. 341.) Hagarty, Adel and Taylor, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote to affirm, with the following memorandum: There was a question of fact presented for the jury to decide as to whether the use of the area involved as a public place was permitted by the city. (*Schafer* v. *Mayor*, 154 N. Y. 466, 471.) To cast the city in damages it is not necessary to prove that the city made repairs. (*Mayor* v. *Sheffield*, 4 Wall. 189.) It is sufficient if the municipal authorities have treated the place as a public place and have exercised authority over it as they do over other public places. " The rule is well settled that the act of the city in assuming authority to control the land as a street renders it chargeable with the same duties, and imposes upon it the same liabilities, as if it had been lawfully laid out." (*Sewell* v. *City of Cohoes*, 75 N. Y. 45, 52.)