15454

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY v.
WEEKS, *ET AL.*

(22 S. E. (2d), 249)

*Mr. Wm. M. Wilson* and *Mr. Ben Hill Brown,* both of Charleston, Counsel for Plaintiff,

October 13, 1942.

The opinion of the Court was delivered by Mr. Associate Justice Stukes:

This appeal requires the construction and application to the facts of the case of Section 10 of the State Authorities Eminent Domain Act, approved May 31, 1939, 41 Stat., 265, which is as follows: "§ 10. Abandon or dismiss condemnation proceedings.—At any time prior to the final conclusion of the condemnation proceeding provided for in this

Act and prior to entry into possession by such State Authority, it may abandon, withdraw or dismiss such condemnation proceedings upon payment by it to the owner of all costs and expenses incurred by the owner, and the amount of such costs and expenses shall constitute a lien, for the payment thereof, upon any award theretofore deposited in said proceeding by said Authority."

Appellant undertook to condemn a parcel of real estate belonging to respondents and a Board of Referees was appointed pursuant to the terms of the aforementioned Act, took testimony and made an award which was signed by two members of the Board. Thereafter appellant, which had not taken possession of the property, elected to, and did, abandon the condemnation. Then a reference was had to ascertain the "costs and expenses incurred by the owner," the words of the Act, and the condemnor appealed from the inclusion in the findings of an item of $30.00 paid to one Ira C. Cox for his services, according to the testimony, in obtaining witnesses for the landowner, inspecting and appraising the property, etc., before the hearing by the Board, and an allowance of the sum of $400.00 for the fees of the attorneys for the landowners.

Appellant's exceptions were overruled by the Circuit Court and the sums mentioned were ordered to be paid by the condemnor which now appeals to this Court upon appropriate exceptions.

We agree with the disposition of the item of $30.00 which appears to be a most reasonable expenditure by the landowners for the services mentioned and it undoubtedly comes within the broad term, "expenses," used in the Act. Appellant complains that the recipient served afterward upon the Board of Referees as the member appointed by the landowners, but its strong argument in that connection is aimed rather at his competency as a Referee (a question not presented by the appeal) than at the alleged impropriety of the incurring and payment of this item of

expense by the condemnees. The exception relating to its allowance is overruled.

The questioned allowance of attorneys' fees presents a more difficult question. Appellant argues that such do not come within the quoted clause of the Act under construction for the lack of express reference therein to attorney's or counsel fees. However, under the facts of this case we do not think that question necessarily arises and, therefore, it is not decided.

One of the condemnees' counsel testified that there was a contract between the landowners and their attorneys that the latter were to receive as compensation "one-half of the amount recovered over and above what the Authority offered * * *." Thus the agreement was for a contingent fee, contingent upon recovery and, incidentally, recovery of more than the amount offered for the land by the condemnor. This contingency never occurred, the event of recovery did not transpire, because the condemnation was abandoned, and the right to that course by the condemnor is not challenged.

The lower Court sustained the allowance of attorneys' fees upon the basis of *quantum meruit,* that under that theory the landowners were liable to the attorneys and the condemnor was held, therefore, liable to the former upon the authority of the decisions which uphold the recovery of counsel fees for dissolution of injunctions where plaintiff's bonds indemnify against damages flowing from the injunctions, which the learned Circuit Judge considered language less broad than that of the quoted Act. But appellant well argues that even if counsel or attorneys' fees are included in the expression "costs and expenses," none may be recovered in this case because of the contingent fee agreement and because the contingency never occurred; in short, that on that account the landowners incurred no liability and therefore no recovery can be made of the condemnor for such fees.

Undoubtedly, generally where an attorney is discharged without cause by his client after they have entered into a contingent fee agreement, he is entitled to compensation. 5 Am. Jur., 364. South Carolina cases touching the question are found in 4 West's S. E. Dig., 565 *et seq.,* Attorney and Client, Key 134-149.

The latter, however, is not the case now presented. No action on the part of the landowners prevented the happening of the contingency; it failed because of the abandonment of the condemnation by the appellant. The inevitable result is that the attorneys by force of the terms of their contract, voluntarily entered into, are entitled to no compensation. The case is novel in this jurisdiction, but the issue has been squarely met and so decided by eminent Courts elsewhere, whose reasoning is clear and convincing, and no contrary decisions have been cited. And it appears that in the cases to which we shall refer the statutes involved provided expressly for the recovery of attorneys' fees upon ·abandonment of the proceedings or no question was made of the failure to include them *eo nomine* in the statutes.

In *City of Long Beach v. O'Donnell et al.,* 91 Cal. App., 760, 267 P., 585, 586, it appeared that the City of Long Beach had commenced condemnation proceedings against property belonging to one O'Donnell, one Bird, and others, and thereafter abandoned such proceedings. Section 1225a of the California Code of Civil Procedure reads as follows: "Upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorneys' fees * * *." One of the attorneys for the land-owners in speaking of his fee arrangement with the landowner Bird testified that he said: " 'Well, Mr. Bird, it is a little stiffer fee, being .a contingent fee; as you know, it is a little more than if you gave us a per diem, which we

would much rather have; the fees will be 20 to 30 per cent,' "
and that the landowner "just nodded his head up and down
and said, 'Well, all right, go ahead.' " The landowner tes-
tified, "that this was correct; that nothing was said at all
about what was to be paid in case there was an abandonment;
that he had paid no attorney fees in this proceeding; and
that the only obligation which he had with the attorneys
was to pay them 20 to 30 per cent. of the value of the prop-
erty in case it were condemned." The Court interpreted the
Statute in the following language: "We have no doubt at
all that the object of this provision as to attorney fees is
merely to reimburse a defendant for attorney fees which he
has paid, or to indemnify him for such fees for which he
has become liable, provided the fees so paid or incurred
are reasonable.   *   *   *   It has also been uniformly held
that mortgages and other agreements providing for the al-
lowance of attorney fees to a party in litigation arising
thereon did not extend to a case where the party has neither
paid nor incurred a liability to pay such fees,   *   *   *"
and then, after quoting the substance of the testimony as
to the fee as above set out, ruled as follows: "This testimony
shows that the agreement was for a contingent fee, and that
the appellants never incurred any liability to their attorneys
for a fee in this proceeding; the contingency on which the
fee was payable not having occurred." The attorneys' fee
claimed was accordingly disallowed. .

The same point arose in the New York Court of Appeals
in *Re Boardwalk Amusement Co.,* 271 N. Y., 341, 3 N. E.
(2d), 448, 449. The City of New York commenced con-
demnation proceedings against property of Boardwalk
Amusement Company and thereafter abandoned the same.
Section 992 of the Greater New York City Charter provided
for such abandonment and discontinuance and then went
on: "But in case of such discontinuance the reasonable ac-
tual cash disbursements, necessarily incurred and made in
good faith by any party interested, shall be paid by the city

of New York, after the same shall have been taxed." The Boardwalk Company retained an attorney who proved the company's title to the tract before the proceeding was abandoned, and it was found as a fact that the attorney's services were reasonably worth $4,500.00. The city appealed from a ruling that such item could be taxed under the quoted charter provision. The contract between the attorney and the client provided: "We agree to pay and hereby assign to said attorney for his services 33 1/3% of any award that may be made in connection with the acquiring of title by the City of New York in said proceeding. It is further understood that said attorneys' compensation is to be paid when said award is paid by the City of New York." The Court said:

"The Courts below have held that the essential object of this provision having been frustrated by the discontinuance of the condemnation proceeding, the respondent [Boardwalk Amusement Co.] is to pay for the services of its attorney on a *quantum meruit*. We construe the instrument of retainer differently.

" * * * Any arrangement to be made between them [the attorney and the client] would necessarily regulate in some way the assumption of the manifest risk of a discontinuance of the condemnation proceeding. They might have stipulated that in that event the respondent (although it would receive nothing) was nevertheless to pay the fair value of the services of the attorney. Instead the stipulation made was that the attorney was to have a share 'of any award that may be made * * * to be paid when said award is paid.'

* * * *

"It is true that the respondent's full title had been vindicated by its attorney before the condemnation proceeding was discontinued. That this was an important service is not to be denied. But there is also no denying that the achievement was one to which the attorney had pledged

himself on terms of his own choosing and that the inference of ultimate advantage therefrom to the respondent is now remote and conjectural. 'The question to be determined is not the value of the work considered by itself and unrelated to the contract. The question to be determined is the benefit to the owner in advancement of the ends to be promoted by the contract.' *Buccini v. Paterno Construction Co., supra,* 253 N. Y., 256, at page 259, 170 N. E., 910, 911.

"We conclude that the attorney took the chance that his right to look to the respondent for any compensation would be annulled by the contingency that has happened."

These decisions are more briefly summarized along with *In re Jay Street,* 1938, 254 App. Div., 889, 5 N. Y. S. (2d), 262 (to the same effect), in the exhaustive annotation upon the whole subject of the right and effect of abandonment of condemnation proceedings in 121 A. L. R., 12, appended to the report of our case of *South Carolina State Highway Department v. Bobotes,* 180 S. C., 183, 185 S. E., 165, 121 A. L. R., 1. They are simply applications to the particular facts involved of the general rule that liability for the payment of a contingent fee arises only upon the happening of the contingency. 7 C. J. S., Attorney and Client, § 188, pages 1071, 1072. This controversy is upon similar facts and is governed by the stated rule.

In accordance with the foregoing, the judgment appealed from is modified, the allowance of the expense item of $30.00 is affirmed, but the award of attorneys' fees is reversed.

Modified.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE concur.