MARION E. GILSEY et al., as Executors of ALBERT A. GILSEY, Deceased, Respondents, v. WM. HENGERER Co. et al., Appellants.— Order reversed on the law, without costs of this appeal to any party, and motion granted, without costs, with leave to plaintiffs to serve an amended complaint within twenty days after service of a copy of the order herein with notice of entry thereof. Memorandum: The employment of respondents' testator was governed by a written contract. By its terms the "bonus" was to be paid (1) provided "you", the testator, continue as such employee on the books of defendant-appellant company "for the entire period", which was from February 1, 1952, until January 31, 1953, inclusive; (2) provided also that "during such period your stock, turnover, and profits are satisfactory to the Management". The testator died on July 8, 1952. Manifestly, the first condition was not fulfilled. The complaint fails to allege the fulfillment of the second condition — merely ignores it. The second alleged cause of action is based upon the theory of "quasi contract". If death terminated the express contract through a contingency, not provided for by its terms, which latter provision is not unquestioned, still the "quasi contract" liability, if any, cannot be considered to the exclusion of the conditions of the written contract between the parties, for as stated by Judge CARDOZO in *Matter of Buccini* v. *Paterno Constr. Co.* (253 N. Y. 256, 258): "Death of the contractor has not nullified the contract in the sense of emancipating the claimant from the restraint of its conditions. They limit her at every turn. She cannot stir a step without reference to the contract, nor profit by a dollar without adherence to its covenants". All concur, except McCurn, P. J., who dissents and votes for affirmance in the following memorandum: Since it was provided in the contract that either party may terminate it on thirty days' notice it was logical to qualify the obligation to pay the so-called bonus by the words, "provided you continue as such employee on the books of the company for the entire period". That language obviously relates to the sentence providing for possible termination by either party and should be read with it. Reading them together they should be construed to mean, as I view it, that should either party terminate the contract before the end of the year, no bonus or additional compensation will be paid. They provided for that contingency and no other. The contingency provided for, however, did not occur, but the contract was terminated by a contingency not provided for — an act of God. There was no express agreement nor any to be implied, as I see it, that if plaintiff died within the year he would forfeit his extra compensation for services actually performed prior to his death. In that situation they left the subject open to be governed by the law. "The award will then conform to the principles of liability in *quasi*-contract and to the considerations of equity and justice by which that liability is governed." (*Matter of Buccini* v. *Paterno Constr. Co.*, 253 N. Y. 256, 258; *Wolfe* v. *Howes*, 24 Barb. 174, affd. 20 N. Y. 197.) (Appeal from an order of Erie Special Term, denying defendants' motion to dismiss plaintiffs' complaint.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.