In the Matter of the Arbitration between RELIANCE DRUG CO., INC., et al., Appellants, and LESLIE J. FINKE, as Executrix of ARTHUR M. PALMER, Deceased, Respondent.—In this proceeding, inter alia, to stay respondent, Leslie Joan Finke, executrix of Arthur M. Palmer, from proceeding with her demand for arbitration of the purchase price to be paid by petitioner Reliance Drug Co., Inc., for Palmer's shares of Reliance's common stock, petitioners, as limited by their brief, appeal from so much of a judgment of the Supreme Court, Nassau County, entered September 13, 1971, as denied the stay and directed such arbitration to proceed. Proceeding remanded to the Special Term for a hearing and decision on the following issue: Did Palmer and petitioner Leon Sperling, individually and as Reliance's officers, agree in December, 1969, that the purchase price of $100,000 which Reliance, on January 30, 1964, had agreed to pay for Palmer's or Sperling's respective 50% of Reliance's common stock on the death of either of them, should continue as the agreed price and reasonable value therefor, to be paid by Reliance in such contingency, during the calendar year commencing January 1, 1970? Pending such hearing and decision of the Special Term, the determination of this appeal is held in abeyance. On January 30, 1964, Reliance and its two officers and stockholders, Palmer and Sperling, entered into an agreement wherein it was provided that, upon the death of either Palmer or Sperling, Reliance would purchase their respective 50% of Reliance's common stock from their respective estates for the agreed price and reasonable value of $100,000. On February 3, 1964, that covenant was modified to the extent of adding thereto a clause that "on or about the 31st day of December of each and every calendar year commencing December 31, 1964", the parties would "renegotiate and redetermine" a reasonable "evaluation" of the purchase price to be paid by Reliance for the above respective shares of stock in the event of the death of either of them. The agreement also contained an arbitration clause providing for the arbitration of any disputes arising thereunder. Palmer died in February, 1970. Respondent was appointed executrix of his estate. Reliance sought to purchase Palmer's stock for the sum of $100,000 specified in paragraph 4(A) of the agreement made on January 30, 1964. Respondent refused to sell the stock for that price. She claimed that the reasonable value of the stock at Palmer's death was much greater, and sought an evaluation and redetermination of the reasonable price pursuant to the above modification of paragraph 4(A) made on February 3, 1964. Reliance refused to comply with said demand. Respondent then demanded arbitration of that dispute and the fixation of a reasonable price in that arbitration. Petitioners seek to stay that arbitration by the proceeding at bar. In paragraph "6" of their petition for the stay, petitioners have, in effect, alleged that in December, 1969, Palmer and Sperling, individually and as officers of Reliance, had entered into an agreement that the reasonable price which Reliance was required to pay to their respective estates for their stock upon death of either of them, would continue for the calendar year commencing January 1, 1970, to be the $100,000 specified in the January 30, 1964, agreement. Respondent has denied that allegation. Further she alleges that evidence of such alleged agreement would be barred by CPLR 4519. The Special Term has not as yet determined that issue. In our opinion, that issue in the first instance should be decided by the Special Term after a hearing,

and if at such hearing it should be established by competent evidence that such an agreement had been made by respondent's testator Palmer, respondent, as his executrix, would be bound thereby (cf. *Kolmer-Marcus* v. *Winer,* 32 A D 2d 763, 764, 765, affd. 26 N Y 2d 795). Accordingly, the determination of this appeal is held in abeyance pending the above remand. Shapiro, Gulotta and Christ, JJ., concur; Munder, Acting P. J., and Benjamin, J., dissent and vote to affirm, without opinion.