■ In the Matter of PEARL B. KALIKOW, Deceased. EUGENE SHALIK, Appellant; EDWARD M. KALIKOW et al., Respondents. [872 NYS2d 511]—

In a proceeding regarding the estate of Pearl B. Kalikow, for a

determination that the Surrogate's Court, Nassau County, has exclusive jurisdiction over claims concerning the testamentary transfer of the decedent's interests in a limited partnership, and for a stay of arbitration with respect to those claims against the preliminary co-executors, the petitioner appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated November 22, 2006, as, in effect, denied the petition.

Ordered that the decree is affirmed insofar as appealed from, with costs.

Pearl B. Kalikow (hereinafter the decedent) died on January 4, 2006, survived by two children, the respondents Edward M. Kalikow (hereinafter Kalikow) and Laurie Platt (hereinafter together the respondents). After the decedent's will dated July 16, 2003, and two codicils were offered for probate, preliminary letters testamentary were issued to the co-executors nominated in the propounded will, the petitioner Eugene Shalik, and James C. DeVita.

At the time of her death, the decedent held a 1% general partnership interest and a 50% limited partnership interest in a family partnership called Hewlett Associates, L.P. (hereinafter the partnership). At that time, the other members of the partnership were the respondents. Kalikow was a 1% general partner and a 24% limited partner, and Platt held a 24% limited partnership interest.

The partners operated under an agreement which, inter alia, required the prior written consent of the other partners before a partner could make certain types of transfers of all or part of his partnership interest. In pertinent part, the relevant provision of the agreement stated: "Except as otherwise expressly provided herein, each Partner covenants and agrees that he will not, without the prior written consent of all other Partners, pledge, encumber, sell, mortgage, hypothecate or assign the whole or any part of his interest in the Partnership, including, without limitation, his interest in any distributions to be made by the Partnership. Any pledge, encumbrance, mortgage or hypothecation or assignment in contravention of this provision shall be of no effect and shall not bind the Partnership." The agreement also contained a broad arbitration provision, which stated, in relevant part: "Any controversy or claim arising out of or relating to this Agreement or to the interpretation, breach or enforcement thereof shall be submitted to DENNIS A. KONNER, ESQ., or if he shall be unwilling or unable to serve, then to three (3) arbitrators and settled by arbitration in the City of New York in accordance with the rules, then obtaining, of the American Arbitration Association."

The decedent's propounded will specifically bequeathed her 1% general partnership interest to a charitable foundation known as the Sunshine Foundation, which also was bequeathed the residuary estate. The residuary estate included the decedent's 50% limited partnership interest, half of which was subject to the respondents' option to purchase under another provision of the will.

Pursuant to the partnership agreement's arbitration provision, the respondents served a demand for arbitration against Shalik and DeVita, as preliminary co-executors of the decedent's estate. The respondents contended that the purported bequests of the decedent's interests in the partnership under the propounded will violated the restrictions on transfer contained in the partnership agreement, requiring the prior written consent of the respondents, which was not obtained.

The petitioner commenced this proceeding in the Surrogate's Court seeking, inter alia, a stay of the arbitration on the ground that the respondents sought arbitration of the distribution of the decedent's estate, which, he contended, violated public policy. Instead, the petitioner contended, the respondents' claims cannot be decided by arbitration and were within the "exclusive" jurisdiction of the Surrogate's Court to resolve. Based on the parties' submissions, including the respondents' answer and memoranda of law, by decree dated November 22, 2006, the Surrogate, inter alia, denied the petition and determined that the dispute was subject to arbitration. We affirm the decree insofar as appealed from.

A decedent's agreement to arbitrate a controversy is binding on the representative of the decedent's estate (*see* CPLR 7512 ["Where a party dies after making a written agreement to submit a controversy to arbitration, the proceedings may be begun or continued upon the application of, or upon notice to, his executor or administrator"]; *see also* Partnership Law § 110 [1]; *Matter of Buccini v Paterno Constr. Co.,* 253 NY 256, 259 [1930]; *Matter of Reliance Drug Co. [Finke],* 39 AD2d 580 [1972]; *Kolmer-Marcus, Inc. v Winer,* 32 AD2d 763, 764 [1969]; *Matter of Styne,* NYLJ, Apr. 4, 1996, at 30, col 3). Contrary to the petitioner's contention, the demand to arbitrate does not concern the construction of the decedent's will or the administration of her estate. Accordingly, arbitration of the parties' dispute does not offend public policy (*cf. Matter of Berger,* 81 AD2d 584 [1981]).

The petitioner's remaining contentions are without merit. Skelos, J.P., Fisher, Miller and Carni, JJ., concur.