Wolf v Wahba (2018 NY Slip Op 06137)





Wolf v Wahba


2018 NY Slip Op 06137


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-03695
 (Index No. 500661/16)

[*1]Raquel Wolf, etc., respondent, 
v
Sol Wahba, et al., appellants.


Lazarus & Lazarus, P.C., New York, NY (Harlan M. Lazarus of counsel), for appellants.
Daniel Friedman, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent inducement, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 13, 2017. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated October 12, 2016, denying the defendants' motion to compel arbitration and to stay all proceedings in the action pending arbitration.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action as the executor of her husband's estate (hereinafter the estate). The complaint asserted causes of action sounding in fraudulent inducement, breach of fiduciary duty, breach of contract, and unjust enrichment. The defendants moved to compel arbitration and to stay all proceedings in the action pending arbitration. In support of their motion, they submitted an agreement between one of the defendants and the decedent (hereinafter the 2000 Operating Agreement), which included a binding arbitration provision.
In opposition to the motion, the plaintiff submitted a subsequent agreement entered into between the estate and all of the defendants (hereinafter the 2014 Purchase Agreement). This agreement included a provision stating that any disputes must be resolved in either state or federal court.
In an order dated October 12, 2016, the Supreme Court denied the defendants' motion to compel arbitration and to stay all proceedings in the action pending arbitration on the ground that "the record shows no agreement to arbitrate." The defendants thereafter moved for leave to reargue. In the order appealed from, dated March 13, 2017, the court granted leave to reargue, and, upon reargument, adhered to its prior determination denying the defendants' motion. We affirm the order dated March 13, 2017, insofar as appealed from, albeit on a different ground.
Since both parties have cited to the 2014 Purchase Agreement, which was submitted in opposition to the defendants' original motion to compel arbitration, under the particular circumstances of this case, we take judicial notice of that agreement (see e.g. Matter of Khatibi v Weill, 8 AD3d 485, 485-486; Matter of Allen v Strough, 301 AD2d 11, 18-19).
Turning to the merits, as the defendants correctly contend, "[a] decedent's agreement to arbitrate a controversy is binding on the representative of the decedent's estate" (Matter of Kalikow, 58 AD3d 846, 848; see CPLR 7512; Matter of Buccini v Paterno Constr. Co., 253 NY 256, 259-260). Accordingly, the Supreme Court should not have concluded that the plaintiff was not bound by the arbitration provision contained in the 2000 Operating Agreement because she did not personally sign that agreement (see CPLR 7512; Matter of Buccini v Paterno Constr. Co., 253 NY at 259-260; Matter of Kalikow, 58 AD3d at 848).
However, the plaintiff contends, as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545), that the forum selection clause contained in the 2014 Purchase Agreement superseded the arbitration provision contained in the 2000 Operating Agreement for the purposes of this action.
"Arbitration is essentially a creature of contract, a contract in which the parties themselves charter a private tribunal for the resolution of their disputes" (Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.], 11 NY2d 128, 132-133). "Because voluntary arbitration is the creature of contract it is of course open to the parties in any instrument in which they modify the substantive provisions of their original agreement, as well to provide explicitly for modification or termination of their agreement to arbitrate" (Matter of Schlaifer v Sedlow, 51 NY2d 181, 185). In other words, parties to an arbitration agreement "are free to enlarge, restrict, modify, amend or terminate their agreement to arbitrate" (Matter of Instituto De Resseguros Do Brasil v First State Ins. Co., 221 AD2d 266, 266; see Matter of All Metro Health Care Servs. Inc., v Edwards, 57 AD3d 892, 893).
Here, although the 2000 Operating Agreement contained a broad arbitration clause, all of the parties to this action subsequently entered into the 2014 Purchase Agreement. The 2014 Purchase Agreement was not silent on the issue of dispute resolution (cf. Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 598; Matter of Schlaifer v Sedlow, 51 NY2d at 185). Rather, it explicitly provided that "[t]he parties hereto agree that any suit or proceeding arising out of this Agreement or the consummation of the transaction contemplated thereby shall be brought only in a federal or state court located in the State of New York."
The causes of action asserted in the complaint sought to recover damages that were incurred as a result of the transaction contemplated by the 2014 Purchase Agreement. Since the causes of action asserted in the complaint arose out of "the consummation of the transaction contemplated" in the 2014 Purchase Agreement, the forum selection clause contained therein superseded the arbitration clause contained in the 2000 Operating Agreement with respect to the matters in dispute, and the parties were bound to resolve this dispute in accordance with the 2014 Purchase Agreement (see generally Credit Suisse First Boston Corp. v Pitofsky, 4 NY3d 149, 154; Matter of Cantor Fitzgerald, L.P. [Ginsberg], 228 AD2d 591, 591). Accordingly, we agree with the Supreme Court's determination, upon reargument, adhering to its prior determination denying the defendants' motion to compel arbitration and to stay all proceedings in the action pending arbitration.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court