■ ROBIN FRITZ, Appellant, v ROBERT FRITZ, Respondent.— In an action for a divorce and ancillary relief which was submitted to arbitration pursuant to the agreement of the parties, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leis, J.), dated September 13, 1990, which granted the defendant's motion to vacate the arbitrator's award.

Ordered that the order is affirmed, with costs.

After commencement of this divorce action in 1987, the parties, upon advice of counsel, stipulated to the appointment of the plaintiff's father, Robert Hrebek, to arbitrate the distribution of their marital estate. During the parties' marriage of over 20 years, the couple had accumulated marital assets with income from the defendant's veterinary practice, as well as investments made in various corporations controlled by the plaintiff's father, who was a successful businessman. The parties agreed to appoint Hrebek to resolve the economic aspects of their divorce because he had successfully managed the couple's finances for many years.

The question of the arbitrator's partiality arose when the defendant husband claimed at the hearing that approximately $1,900,000 in the plaintiff wife's out-of-State bank accounts was marital property subject to distribution. The defendant maintained that this money was marital property because it represented profits earned on investments he had made in his father-in-law's businesses. The plaintiff, on the other hand, had identified these funds on her net worth statement as

"gift[s] from father". In denying his son-in-law's claim to the funds, the arbitrator stated in the award that "[t]his claim will not be subject to distribution because the arbitrator disputes its validity."

In opposition to the plaintiff's motion to confirm the award, the defendant cross-moved to vacate the award on the ground of the arbitrator's bias, lack of impartiality, and use of personal knowledge to resolve a matter before him in his daughter's favor. The court granted the motion and vacated the award, holding "where an arbitrator is a participant and material witness in the alleged distribution of marital assets, he cannot act fairly and impartially regardless of whether the defendant has consented" and that the use of that arbitrator's personal knowledge to decide the origin of a disputed marital asset was "totally improper", in violation of CPLR 7511 (b) (1) (ii) and (iii).

On appeal, the plaintiff contends, *inter alia,* that the defendant consented to the plaintiff's father acting as the arbitrator in the parties' divorce action and cannot seek vacatur of the arbitrator's award on this ground. Although courts generally will not interfere with the judgment of arbitrators, the Court of Appeals has held that an arbitration award is not to be confirmed without question where, as here, there is evidence of misconduct prejudicing the rights of the parties *(Matter of Goldfinger v Lisker,* 68 NY2d 225, 231). The arbitrator's refusal to subject a claim to funds invested with him to distribution because he "disputes its validity" was a violation of his duty and an improper use of personal knowledge to make a determination with respect to a marital asset in violation of CPLR 7511 (b) (1) (ii) and (iii). Arbitrators must afford the parties the opportunity to present evidence and to cross-examine witnesses *(see,* CPLR 7506 [c]) and may act only upon proof *adduced at the hearing,* due notice of which has been given to each party (CPLR 7506 [c]; *Matter of Penn Cent. Corp. [Consolidated Rail Corp.],* 56 NY2d 120, 127). They may not base their award "on the strength of independent investigation unless so authorized by the parties" *(Matter of Goldfinger v Lisker,* 68 NY2d 225, 231, *supra; Berizzi Co. v Krausz,* 239 NY 315, 318). The arbitrator violated his duty by resorting to evidence that was not presented at the hearing, and by using his personal knowledge of the disputed marital asset. Moreover, under the circumstances of this case, the familial relationship provides such strong evidence of partiality that the arbitrator should have disqualified himself *(see, Morelite*

*Constr. Corp. v New York City Dist. Council Carpenters Benefit Funds,* 748 F2d 79, 85). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.