■ In the Matter of Sharon Walker, Respondent, v Park West Realty, Appellant. [646 NYS2d 877] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 29, 1995, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner owned certain real property in Brooklyn. On February 2, 1995, she entered into a contract with the appellant, a real estate broker, whereby the broker was to try to find a buyer for the seller's property. The contract provided that "[n]o commission shall be due if the sale fails to close for any reason whatsoever, except [the seller's] willful default". The contract contained an arbitration clause as follows: "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association in New York, New York, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof".

The broker sought to enforce the clause and demanded arbitration, asserting that it was entitled to $23,250 in commissions. The broker claimed that it fulfilled its obligations

under the contract by producing a ready, willing, and able buyer, and that the sale fell through as a result of the seller's willful default under the contract.

The seller, in seeking a stay of arbitration, contends that no such prospective purchaser was produced by the broker and that the broker did nothing to earn a commission.

Under the broad terms of the contract, the dispute between the seller and the broker presents an arbitrable controversy *(see, Matter of Weinrott,* 32 NY2d 190, 196; *see also, Morrie Mages & Shirley Mages Found. v Thrifty Corp.,* 916 F2d 402). Accordingly, the Supreme Court erred in staying arbitration. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.