■ ADC CONSTRUCTION, LLC, Appellant, v EMPIRE CITY SUBWAY CO., LTD., et al., Respondents. [736 NYS2d 6] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about June 20, 2001, which, in an action by plaintiff public works contractor against defendant utilities to recover money due for work performed under an interference agreement, granted defendants' motion for a stay pending arbitration, unanimously affirmed, with costs.

Defendants dispute the quality, necessity and "reasonableness" of plaintiff's performance under the interference agreement, and claim that plaintiff's demand for further payment is subject to a broad arbitration clause contained in plaintiff's contract with the City. Under addendum No. 5, section U of plaintiff's contract with the City, entitled "Additional Contract Requirements Applying to Work Performed in the Presence of Privately Owned Utility Facilities," plaintiff was required to enter into interference agreements with certain utilities, which, if not promptly concluded, were to be arbitrated under a nar-

row clause contained in section U, paragraph 4. Under the broad clause now invoked by defendants contained in section U, paragraph 7, "any dispute between the [utility] Company(ies) and the Contractor regarding any issue related to the performance of, or payment for, interference work, including but not limited to, any indirect or impact costs incurred by the Contractor due to the Interference Work and/or to the existence of facilities owned or operated by the Company(ies) on the line of the work" was to be arbitrated in accordance with specified procedures designed to prevent delay contained in paragraph 8. Plaintiff argues that the dispute is not arbitrable because the interference agreement does not itself contain an arbitration clause. As the IAS court held, "[plaintiff] is simply wrong." The interference agreement expressly states that it "arises out of" plaintiff's contract with the City and is "made pursuant to" addendum No. 5, section U thereof, and its merger clause, on which plaintiff heavily relies, expressly excepts section U. Plaintiff's argument that the dispute is not arbitrable at least insofar as it involves oral agreements for interference work not listed in the interference agreement overlooks paragraph 5 of section U, which requires the contractor to take particular steps, designed to prevent delay and promote dispute resolution with the utility, "[i]f during construction the Contractor encounters an interference that it believes is not covered by the Interference Agreement." It is clear that if the steps called for in paragraph 5 do not result in a settlement with the utility, the dispute is subject to arbitration under paragraph 7. We have considered and rejected plaintiff's other arguments. Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.