■ In the Matter of the Arbitration between WICKS CONSTRUCTION, INC., Respondent, and BRADLEY GREEN, Also Known as BRAD GREEN, et al., Appellants. [744 NYS2d 452] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 17, 2001, which granted the petition and denied the cross motion to vacate the award, and a judgment of the same court, entered January 25, 2001, which confirmed the arbitration award. The appeal brings up for review so much of an order of the same court, entered May 2, 2001, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered January 17, 2001, is dismissed; and it is further

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order entered May 2, 2001, upon reargument; and it is further,

Ordered that the order entered May 2, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order entered January 17, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the order entered May 2, 2001 (*see* CPLR 5501 [a] [1]).

The appellants entered into a contract with Gordon Wicks, doing business as Wicks Construction, Inc. (hereinafter WCI), for the renovation of their home. The contract provided for a guaranteed maximum price which could only be increased by a written change order. The appellants ended up paying more than the maximum price and upon the completion of the work, commenced an action against the sole shareholder of WCI to

recover damages for negligence. The action was stayed pending the arbitration that was demanded by WCI pursuant to the contract. WCI demanded arbitration on the ground that the appellants breached the contract. The arbitrator awarded WCI $37,770.30 net of the appellants' counterclaim in arbitration.

WCI commenced this separate proceeding in the Supreme Court, Westchester County, to confirm the award. The appellants objected, and cross-moved to vacate the award on the ground that the application to confirm the award should have been brought in their pending action, that the owner of WCI stood to receive a double recovery since he filed for bankruptcy, that the arbitrator exceeded his authority when he made the award based on quantum meruit, and that misconduct had taken place during the arbitration hearings. The Supreme Court confirmed the award, and this appeal ensued.

Pursuant to CPLR 7502 (a) (iii), the motion to confirm the arbitration award should have been brought in the action commenced by the appellants (see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122). The Supreme Court, however, properly disregarded the defect pursuant, inter alia, to CPLR 103 (c). Additionally, while the sole shareholder of WCI filed for Chapter 13 bankruptcy, he was still permitted to fund the arbitration on behalf of the corporation (see Cable v Ivy Tech State Coll., 200 F3d 467, 472). The record does not support the appellants' contention that the arbitration was concealed from the bankruptcy court in any way.

The dispute was properly arbitrated pursuant to the broad-form arbitration clause included in the parties' contract, and once parties have participated in the arbitration, their ability to have the courts vacate or modify the award is limited by CPLR 7511 (see Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582). Arbitration awards may not be vacated even if the court concludes that the arbitrator's interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on his power (cf. Matter of Board of Educ. v North Babylon Teachers' Org., 104 AD2d 594, 596-597). The facts of the instant case do not meet these criteria.

The appellants' remaining contentions are without merit. Ritter, J.P., Smith, Luciano and Crane, JJ., concur.