■ In the Matter of MATRA BUILDING CORP., Respondent, v ALAN KUCKER et al., Appellants. [770 NYS2d 367]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 3, 2002, which denied the appellants' motion to vacate the award and granted the petition.

Ordered that the order is affirmed, with costs.

The appellant homeowners entered into a contract with the petitioner contractor pursuant to which the contractor agreed to perform significant renovations of the appellants' home for

the contract price of $344,000. Article 10 of the contract contained a broadly-worded arbitration clause providing that all "[c]laims, disputes and other matters in question between the parties to this contract arising out of . . . this Contract [are to be] decided by arbitration" in accordance with American Arbitration Association construction industry rules.

Well into the construction process, and after the appellants allegedly ordered more than $100,000 in additional work, the parties became embroiled in a dispute over payment of approximately $30,000 the contractor claimed was owed. The contractor filed an arbitration demand and the appellants moved for a stay of arbitration, contending that the contractor failed to provide notice of certain rescissionary rights required by the Door to Door Sales Protection Act (Personal Property Law art 10-A; *see Community Natl. Bank & Trust Co. of N.Y. v Mc-Clammy,* 138 AD2d 339, 341 [1988]). The Supreme Court denied the motion, characterizing it as "legally absurd" and factually unsupported. The appellants' appeal from that order was dismissed for failure to perfect by decision and order on motion of this Court dated August 7, 2002 (*see Matter of Kucker v Matra Bldg. Corp.,* App Div Docket No. 2001-08684).

The matter thus proceeded to arbitration. The record contains virtually no documentation of the arbitration proceedings. The arbitrator, a member of the American Arbitration Association Construction Arbitration Tribunal, rendered an award in favor of the contractor in the total sum of $36,980.34, including interest.

The contractor moved to confirm the award. In opposition, the appellants "cross-moved" [*sic*] to vacate the award. The thrust of their argument was that the contract did not cover renovations to the basement that were the subject of the payment dispute. As such, the appellants reasoned, this extra-contractual dispute was not covered by the arbitration clause within the contract, and thus the arbitrator exceeded his authority in making the award. Alternatively, the appellants asserted that the award violated public policy. The Supreme Court rejected these contentions, denied the motion to vacate, and granted the petition to confirm the award. We affirm.

Pursuant to CPLR 7511 (b) (1), an arbitration award may be vacated on application of a party who participated in the arbitration only if the rights of that party were prejudiced by (1) corruption, fraud, or misconduct in procuring the award, (2) partiality of a supposedly neutral arbitrator, (3) the arbitrator exceeding his powers so that no final and definite award was made, or (4) failure to follow procedures provided by CPLR

article 75 (*see Matter of Wicks Constr. [Green]*, 295 AD2d 527, 528 [2002]). The appellants failed to establish any grounds for vacating the award.

The arbitrator could rationally find that the contractor's claims for compensation due for the renovation of the appellants' basement related to or arose from the contract and that the dispute is clearly arbitrable (*see ADC Constr. v Empire City Subway Co.*, 290 AD2d 229, 230 [2002]; *Matter of Walker v Park W. Realty*, 230 AD2d 915, 916 [1996]).

The appellants offered no evidence establishing that the arbitrator exceeded his authority by awarding the contractor payment for extra-contractual work. Resolving disputes arising under the parties' contract clearly was a matter within the arbitrator's authority. Rather, the true gravamen of the appellants' complaint is that the arbitrator made a factual error in his ruling. However, it is well settled that "[a]n arbitration award is not subject to judicial review for errors of law or of fact" (*Matter of Windsor Metal Fabrications v Vescom Sys.*, 280 AD2d 607, 608 [2001]; *see Matter of SCM Corp. v Fisher Park Lane Co.*, 40 NY2d 788, 793 [1976]). Thus, the appellants failed to demonstrate entitlement to any relief on this basis.

Nor did the appellants show that the arbitration award was violative of public policy. "An arbitrator's award will not be vacated unless it is clearly violative of some strong public policy, is totally irrational, or manifestly exceeds a specifically enumerated limitation on the arbitrator's power . . . An award is irrational if there is no proof whatever to justify the award . . . or the award gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" (*Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003] [internal quotations marks and citations omitted]). "Arbitration awards may not be vacated even if the court concludes that the [arbitrators'] interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on the [arbitrators'] power" (*Ropal Constr. Corp. v God's Battalion of Prayer Church*, 305 AD2d 577, 578 [2003] [internal quotation marks omitted]). "An arbitration award may be vacated on public policy grounds only where it is clear on its face that public policy precludes its enforcement" (*Matter of Jaidan Indus. v M.A. Angeliades, Inc.*, 97 NY2d 659, 661 [2001]). The appellants did not offer proof or persuasive argument that a construction arbitrator's award of contract damages to a home improvement

contractor is violative of public policy (*see Matter of County of Nassau v Sheriff's Officers Assn.,* 294 AD2d 31, 35 [2002]).

However, we reject the contractor's contention that the appeal is frivolous. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.