■ In the Matter of ABRAHAM WIEDER et al., Respondents, v ABRAHAM LIEB SCHWARTZ et al., Appellants. [829 NYS2d 125]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Abraham Lieb Schwartz, Esther Schwartz, Jacob Banda, Goldie Banda, Sunny Lake Bakertown Lodge Corp., and Kiryas Joel Colony, Inc., appeal from a judgment of the Supreme Court, Orange County (Rosenwasser, J.), entered June 8, 2005, which, upon an order of the same court dated May 5, 2004 denying that branch of their motion which was for recusal and transfer of venue, and upon an order of the same court dated April 11, 2005 granting the petition to confirm the arbitration award and denying their cross motion to vacate the arbitration award, confirmed the arbitration award.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contention, we discern no abuse or improvident exercise of discretion in the Supreme Court's

denial of that branch of their motion which was for recusal and transfer of venue (*see generally Cannon v City of New York,* 27 AD3d 607 [2006]; *Krupka v County of Westchester,* 160 AD2d 681 [1990]; *Filler v Cornell Univ.,* 147 AD2d 610 [1989]).

Pursuant to CPLR 7511 (b) (1) an arbitration award may be vacated on application of a party who participated in the arbitration only if the rights of that party were prejudiced by (1) corruption, fraud, or misconduct in procuring the award; (2) partiality of a supposedly neutral arbitrator; (3) the arbitrator exceeding his powers so that no final and definite award was made; or (4) failure to follow procedures provided by CPLR article 75 (*see Matter of Wicks Constr. [Green],* 295 AD2d 527, 528 [2002]). Here, the appellants failed to establish any ground for vacating the award.

The appellants offered no evidence establishing that the arbitrators exceeded their authority by awarding ownership interest in certain real property. Since the arbitration agreement was broadly worded, all issues or claims between the parties were subject to the arbitration unless specifically noted as being excluded (*see Matter of Meisels v Uhr,* 79 NY2d 526, 538 [1992]; *Maross Constr. v Central N.Y. Regional Transp. Auth.,* 66 NY2d 341, 346 [1985]; *Hayes v County Bank,* 26 AD3d 465, 467 [2006], *lv denied* 7 NY3d 713 [2006]).

The appellants did not demonstrate that the award failed to address certain controversies. The award not only stated that "we listened to the claims and arguments of the parties, and we considered everything they presented before us," but it also specifically addressed the controversies at issue.

The appellants' remaining contentions either are not properly before this Court or without merit. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.