In the Matter of TC CONTRACTING, INC., Respondent, v 72-02 NORTHERN BLVD. REALTY CORP., Appellant, and SOIL SOLUTIONS, INC., Respondent. [833 NYS2d 622]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated October 1, 2004, 72-02 Northern Blvd. Realty Corp. appeals from a judgment of the Supreme Court, Queens County (Schulman, J.), entered November 10, 2005, which, inter alia, granted the petition and denied its cross motion to vacate the award.

Ordered that the judgment is affirmed, with costs.

"Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Nor may the reviewing court "re-weigh or re-examine the evidence" (*Matter of McMahan & Co. [Dunn NewFund I]*, 230 AD2d 1, 5 [1997] [internal quotation marks omitted]).

However, in addition to the grounds listed in CPLR 7511 (b) (1), "[a] court may vacate an award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator's power under CPLR 7511 (b) (1)" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra* at 326).

The Supreme Court properly determined that the arbitration award did not violate a strong public policy, was not irrational, and did not clearly exceed a specifically enumerated limitation on the arbitrator's power (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.