In the Matter of PEARL B. KALIKOW, Deceased. EUGENE SHALIK, Appellant; EDWARD M. KALIKOW et al., Respondents.
[872 NYS2d 508]—

In a proceeding regarding the estate of Pearl B. Kalikow, for a determination that the Surrogate's Court, Nassau County, has exclusive jurisdiction over claims concerning the testamentary transfer of the decedent's interests in a limited partnership, and for a stay of arbitration with respect to those claims against the preliminary co-executors, the petitioner appeals (1), as limited by his brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated March 29, 2007, as granted that branch of the respondents' motion which was for leave to reargue their opposition to the petitioner's motion to disqualify the designated arbitrator, which had been granted in an order dated December 13, 2006, and, upon reargument, vacated the original determination and denied the motion to disqualify, and (2) from an order of the same court dated January 3, 2008, which, after a hearing, inter alia, denied that branch of the petitioner's second motion which was to disqualify the designated arbitrator.

Ordered that the order dated March 29, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 3, 2008, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The background facts are set forth in this court's decision in *Matter of Kalikow* (58 AD3d 846 [2009] [decided herewith]).

As relevant to an understanding of the issues presented on these appeals, we note that shortly after the Surrogate's Court denied the petition to stay arbitration demanded by the respondents, the petitioner moved to disqualify Dennis A. Konner, the arbitrator designated by the partnership agreement of

Hewlett Associates, LLP (hereinafter the partnership), to resolve claims or controversies arising thereunder, on the ground of bias. Among other things, the petitioner contended that Konner's alleged preexisting personal and professional relationships with the respondent Edward M. Kalikow rendered Konner partial. The respondents opposed the motion. In an order dated December 13, 2006, the Surrogate's Court granted the petitioner's motion to disqualify Konner. The court found that Konner's failure to disclose in advance of the arbitration his personal and business relationships with the respondents created an appearance of bias in the respondents' favor.

The respondents then moved for leave to renew and reargue, contending, among other things, that the Surrogate applied the wrong standard in deciding the disqualification issue. The petitioner opposed the motion. By order dated March 29, 2007, the Surrogate's Court, agreeing that it had overlooked the decision in *Matter of Siegel* (*Lewis*) (40 NY2d 687 [1976]), granted that branch of the respondents' motion which was for leave to reargue and, upon reargument, vacated the order dated December 13, 2006, disqualifying Konner. In addition, the court directed Konner to make "the requisite full disclosures required by the applicable law and ethical rules" to the preliminary co-executors, including the petitioner.

Shortly after the disclosures were made, and in advance of the arbitration, the petitioner made a second motion, inter alia, to disqualify Konner, this time on the ground that the disclosures that Konner provided contained various alleged misrepresentations, which purportedly demonstrated that he would not be able to arbitrate the underlying dispute fairly and impartially. The respondents opposed the motion. After a hearing, in an order dated January 3, 2008, the court, inter alia, denied that branch of the petitioner's second motion which was to disqualify Konner.

The Surrogate's Court properly recognized that it should have applied *Matter of Siegel* (*Lewis*) (40 NY2d 687 [1976]), in the context of the petitioner's initial motion to disqualify Konner. That case stands for the proposition that an arbitrator designated by parties to a private contract may have a preexisting business or social relationship with a party to the contract, and that fact, without more, is not sufficient to disqualify the arbitrator—particularly where that relationship is known by the "other side" (*id.* at 690). Where the choice of the arbitrator is arrived at freely by the parties to the contract, and there is no claim of fraud, duress, or the like surrounding its execution, the courts will not revise the contract in advance of arbitration

absent "a real possibility that injustice will result" (*id.* at 691 [internal quotation marks and citation omitted]; *see Escava v Escava,* 9 Misc 3d 1101[A], 2005 NY Slip Op 51358[U] [2005]). As the Court of Appeals further observed (40 NY3d at 689), CPLR article 75 provides a remedy in the event the designated arbitrator does not actually discharge his or her duties "faithfully and fairly," as required by CPLR 7506 (a) (*see* CPLR 7511 [b]; *Matter of Siegel [Lewis],* 40 NY2d at 691). Accordingly, the Surrogate's Court properly granted that branch of the respondents' motion which was for leave to reargue, and upon reargument, properly vacated the original determination. The record reveals, inter alia, that the members of the partnership, including the decedent, who were all members of the Kalikow family, selected Konner to serve as arbitrator, if necessary, in the event of a controversy arising under the partnership's governing agreement, with full knowledge of his involvement in representing the Kalikow family's businesses. There was no evidence that the decedent desired or tried to remove Konner at any time during the more than 20 years which followed the execution of the partnership's governing agreement, despite the fact that during that time, two amendments to the agreement were executed, once in 1990, and again in 1999. In addition, the evidence also showed that the petitioner, along with the other preliminary coexecutor, knew for years of Konner's relationships with the Kalikow family, and had their own personal and business relationships with various of its members, as well as with Konner and his wife. In addition, there is no indication here that Konner's service as arbitrator under the Partnership agreement raises a "real possibility that injustice will result" (*Matter of Siegel [Lewis],* 40 NY2d at 691).

The Surrogate's Court properly denied that branch of the petitioner's second motion which was to disqualify Konner, as the evidence adduced thereon, including the evidence presented at the hearing, did not warrant that action.

The petitioner's remaining contentions are without merit. Skelos, J.P., Fisher, Miller and Carni, JJ., concur.