■ In the Matter of MIRO LEISURE CORP., Respondent, v PRUDENCE ORLA, INC., et al., Appellants. [922 NYS2d 424]—

In a proceeding pursuant to CPLR article 75 to confirm an amended arbitration award dated May 28, 2009, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Spinner, J.), dated March 26, 2010, which granted the petition, denied the motion of Prudence Orla, Inc., doing business as West Cove Bar & Grill, P.C., and Orla Troy to vacate the award, and is in favor of the petitioner and against Prudence Orla, Inc., doing business as West Cove Bar & Grill, P.C., and Orla Troy in the principal sum of $76,044.90.

Ordered that the order and judgment is affirmed, with costs.

The petitioner commenced this proceeding to confirm an amended arbitration award. The appellants cross-moved to vacate that award, contending, among other things, that the arbitrator erroneously rejected as without merit certain defenses which they raised during the course of arbitration. The Supreme Court denied the appellants' cross motion to vacate the award, granted the petition to confirm the award, and awarded the petitioner the principal sum of $76,044.90.

"Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Matter of TC Contr., Inc., v 72-02 N. Blvd. Realty Corp.*, 39 AD3d 762, 763 [2007]). A court reviewing an arbitration award may not "re-weigh or re-examine the evidence" (*Matter of McMahan & Co. [Dunn NewFund I]*, 230 AD2d 1, 5 [1997] [internal quotation marks omitted]; *see Matter of TC Contr., Inc. v 72-02 N. Blvd. Realty Corp.*, 39 AD3d at 763), or otherwise "examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d at 326; *see Matter of TC Contr., Inc. v 72-02 N. Blvd. Realty Corp.*, 39 AD3d at 763; *see also Matter of Associated Gen. Contrs., N.Y. State Ch. [Savin Bros.]*, 36 NY2d 957, 958-959 [1975]). The Court of Appeals has "stated time and again that an arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to

their sense of justice" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of MBNA Am. Bank, N.A. v Karathanos*, 65 AD3d 688, 688 [2009]).

"An arbitration award can be vacated by a court pursuant to CPLR 7511 (b) [(1) (iii)] on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 79). Contrary to the appellants' contention, they failed to demonstrate the existence of any of the statutory grounds for vacating the arbitrator's award (*see Matter of Wieder v Schwartz*, 35 AD3d 752, 753 [2006]; *Matter of Green v Liberty Mut. Ins. Co.*, 22 AD3d 755, 756 [2005]; *Matter of Local 295-295C, IUOE v Phoenix Envtl. Servs. Corp.*, 21 AD3d 901 [2005]; *Matter of Domotor v State Farm Mut. Ins. Co.*, 9 AD3d 367, 367-368 [2004]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the appellants' cross motion to vacate the award and granted the petition to confirm the award. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.