■ Shlomtze Weisz, Appellant, v Mordechai Weisz, Respondent. [999 NYS2d 133]—

In a matrimonial action in which the parties were divorced by judgment dated January 29, 2004, the plaintiff appeals (1) as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Sunshine, J.), dated December 24, 2012, as denied those branches of her motion which were to stay arbitration between the parties, vacate the

arbitration clause of the parties' stipulation of settlement designating Rabbi Shmiel Fried as the arbitrator, and, in effect, disqualify Shmiel Fried as arbitrator, and for the Supreme Court or a court-appointed arbitrator to conduct the arbitration, and (2), as limited by her brief, from so much of an order of the same court dated April 30, 2013, as denied that branch of her motion which was for leave to renew her previous motion.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The parties entered into a stipulation of settlement. A provision of that stipulation required the parties to submit any subsequent controversies between them to arbitration before Rabbi Shmiel Fried.

The plaintiff asserts that, in 2011, the defendant stopped paying child support for the parties' two children and that, pursuant to the parties' stipulation, she asked Fried to address and enforce her claim for support. The plaintiff claims that Fried failed to do so. However, when the plaintiff received from Fried a notice of arbitration scheduled for October 29, 2012, she moved, inter alia, to stay the arbitration, vacate the arbitration clause of the parties' stipulation of settlement, and, in effect, to disqualify Fried as arbitrator on the basis of bias. By order dated December 24, 2012, the Supreme Court denied those branches of her motion. The court found that the plaintiff failed to demonstrate bias warranting removal of the arbitrator chosen by the parties prior to the commencement of arbitration, noting that, if the plaintiff were dissatisfied with the outcome of the arbitration, she could seek judicial review pursuant to CPLR article 75.

The plaintiff subsequently commenced a separate civil action against, among others, Fried, seeking damages for alleged misconduct in connection with the arbitration. She then moved in the instant matrimonial action for leave to renew her motion to disqualify Fried, submitting his answer to the separate civil action as additional evidence of his bias against her. By order dated April 30, 2013, the Supreme Court denied that branch of the motion. The plaintiff appeals from those portions of both orders.

Here, the parties' stipulation of settlement designates Fried as arbitrator and, "[w]here the choice of the arbitrator is arrived at freely by the parties to the contract, and there is no claim of fraud, duress, or the like surrounding its execution, the courts will not revise the contract in advance of arbitration absent 'a real possibility that injustice will result' " (*Matter of Kalikow*, 58 AD3d 849, 850-851 [2009], quoting *Matter of Siegel*

*[Lewis]*, 40 NY2d 687, 691 [1976]; *see Matter of Glatzer v Glatzer*, 73 AD3d 1173, 1175 [2010]). The plaintiff failed to make such a showing. The plaintiff accused Fried of bias on several different bases, including failing to convene arbitration, trying to get her fired from her job, and improperly demanding that she and the children submit to a forensic evaluation. However, as the Supreme Court correctly noted, the plaintiff did not demonstrate that she made a formal demand for arbitration pursuant to CPLR 7503 (c), and her other allegations against Fried were either conclusory or unsupported. Therefore, the Supreme Court properly denied those branches of the plaintiff's motion which were to stay arbitration, vacate the arbitration clause of the parties' stipulation of settlement, and, in effect, disqualify Fried as arbitrator.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). To prevail on a motion to renew, the motion "must be (1) based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*Matter of Nelson v Allstate Ins. Co.*, 73 AD3d 929, 929 [2010]; *see Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 391 [2008]). The new or additional facts presented "either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586; *see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]; *Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565, 566 [2010]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]; *Mollin v County of Nassau*, 2 AD3d 600, 601 [2003]).

Here, as the Supreme Court correctly noted, the plaintiff could not have presented Fried's answer in her initial motion, as it was filed months later. Thus, there is no question of her diligence in making her initial factual presentation. However, contrary to the plaintiff's contention, Fried's answer would not have changed the prior determination. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew.

We note, as the Supreme Court correctly concluded, disputes concerning child custody and visitation are not subject to arbitration, as the court's role as parens patriae must not be usurped (*see Matter of Hirsch v Hirsch*, 4 AD3d 451, 452 [2004]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.